1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  JIMMIE J. ADKISON,                    No. 2:11-CV-1533-CMK

12              Plaintiff,

13       vs.                         <u>MEMORANDUM OPINION AND ORDER</u>

14  COMMISSIONER OF SOCIAL
    SECURITY,
15
                Defendant.
16
    _____/
17

18          Plaintiff, who is proceeding with retained counsel, brings this action for judicial

19  review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20  Pursuant to the written consent of all parties, this case is before the undersigned as the presiding

21  judge for all purposes, including entry of final judgment.  <u>See</u> 28 U.S.C. § 636(c).  Pending

22  before the court are plaintiff's motion for summary judgment (Doc. 20) and defendant's cross-

23  motion for summary judgment (Doc. 21).

24  ///

25  ///

26  ///

# I.  PROCEDURAL HISTORY

Plaintiff applied for social security benefits on August 5, 2006.  Plaintiff's claim was initially denied.  Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on September 10, 2007, before Administrative Law Judge ("ALJ") Jean Kingrey.   In a October 26, 2007, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

    1.    The claimant has the following severe combination of impairments: disc space narrowing with mild degenerative facet disease, bilaterally, at L3-S1, as shown on x-rays of the lumbar spine; and alcohol-induced liver disease and pancreatitis, both improved since the claimant stopped drinking in July 2006;

    2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

    3.    The claimant's acute liver and pancreatic condition on compliance with treatment and sobriety resolved inside 12 months of the alleged disability onset date to allow him, in conjunction with a spinal impairment, to perform a residual functional capacity for all functions of light work, except for no performance of jobs with a high probability of major injury due to clotting problems; and

    4.    Considering the claimant's age, work experience, age, education, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that plaintiff can perform.

After the Appeals Council declined review on May 23, 2008, plaintiff sought judicial review in this court.  On September 30, 2009, the court issued a decision reversing the agency's final decision and remanding the matter for further proceedings.  The court instructed:

The court has found that a remand is required.  The ALJ is directed to give proper weight to the opinions of plaintiff's treating physicians, after developing the record to the extent needed, and to credit plaintiff's subjective symptom testimony, the testimony of plaintiff's stepfather, and the written statement of plaintiff's mother.

/ / /

/ / /

/ / /

1    A second hearing was held on October 1, 2010, before ALJ Michael Gilbert, after

2 which the record was held open for 14 days to allow plaintiff to submit additional evidence,

3 which he did not do. In a February 23, 2011, decision, the ALJ again concluded that plaintiff

4 was not disabled based on the following relevant findings:

5    1.    The claimant has the following severe impairments: lumbar lipomatosis,
          great toe bursitis, and end-stage liver disease with alcohol-induced
6         pancreatitis;

7    2.    The claimant does not have an impairment or combination of impairments
          that meets or medically equals an impairment listed in the regulations;
8

9    3.    The claimant has the residual functional capacity to perform light work,
          except he s limited in all posturals to frequent, except climb ladders,
          ropes, or scaffolds, which is occasionally; and
10

11   4.    Considering the claimant's age, work experience, age, education, residual
          functional capacity, and vocational expert testimony, there are jobs that
12        exist in significant numbers in the national economy that plaintiff can
          perform.

13 After the Appeals Council declined further review, this second action for judicial review

14 followed.

15

16                          **II.  STANDARD OF REVIEW**

17    The court reviews the Commissioner's final decision to determine whether it is:

18 (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a

19 whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is

20 more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520,

21 521 (9th Cir. 1996).  It is ". . . such evidence as a reasonable mind might accept as adequate to

22 support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole,

23 including both the evidence that supports and detracts from the Commissioner's conclusion,

24 must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986);

25 Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the

26 Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See

1  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

2  administrative findings, or if there is conflicting evidence supporting a particular finding, the

3  finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th

4  Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation,

5  one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas

6  v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

7  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338

8  (9th Cir. 1988).

9

10                                    **III.  DISCUSSION**

11              In his motion for summary judgment, plaintiff argues, among other things, that

12  the ALJ re-evaluated his testimony as well as testimony from his stepfather and mother despite

13  this court's instruction on remand that such evidence was to be credited.  Defendant argues that

14  the district court's decision did not preclude re-evaluation of plaintiff's and lay witnesses'

15  statements.  Defendant also argues that the district court's remand order was unclear given that,

16  on the one hand, the agency was instructed to credit plaintiff's and lay  witnesses' statements

17  but, on the other hand, the agency was directed to hold another hearing.

18              Defendant's position is unconvincing.  This court has already determined that the

19  agency erred with respect to plaintiff's statements and those from third-party witnesses.

20  Specifically, the court directed that such testimony should be credited.  There was no provision

21  in the prior remand order from this court to re-evaluate this evidence.  Contrary to defendant's

22  argument, the court's prior order was not unclear and did in fact preclude re-evaluation of the

23  evidence.  The remand hearing contemplated by the court's remand order was not mandatory but

24  only required in order to allow new hypothetical questions to be posed to a vocational expert if

25  necessary.  Nothing implicit or explicit in the court's prior remand order indicates that a hearing

26  was ordered to allow re-evaluation of plaintiff's statements or those from the lay witnesses.

4

1         Because the agency failed to comply with this court's prior remand, the matter

2  must be remanded once again and it is not necessary to consider plaintiff's remaining arguments.

3

4

5  **IV.  CONCLUSION**

6         For the foregoing reasons, this matter will be remanded under sentence four of 42

7  U.S.C. § 405(g) for further development of the record and/or further findings addressing the

8  deficiencies noted above.  Specifically, as previously directed by this court, on remand the

9  agency shall credit plaintiff's statements, as well as those offered by plaintiff's stepfather and

10  mother.

11         Accordingly, IT IS HEREBY ORDERED that:

12         1.      Plaintiff's motion for summary judgment (Doc. 20) is granted;

13         2.      The Commissioner's cross motion for summary judgment (Doc. 21) is

14  denied;

15         3.      This matter is remanded for further proceedings consistent with this order;

16  and

17         4.      The Clerk of the Court is directed to enter judgment and close this file.

18

19   DATED:  September 21, 2012

20

21  **CRAIG M. KELLISON**
   UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26